**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| A.L., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:24-CV-152 (LAG) (ALS) |
| | : |
| COMMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is Plaintiff's Consent Motion for Attorney's Fees Under the Equal Access to Justice Act (Consent Motion). (Doc. 15). Therein, Plaintiff requests that the Court approve attorney's fees in the amount of $3,581.66 pursuant to 28 U.S.C. § 2412(d). (*Id.* at 1).

Plaintiff filed a Complaint on September 26, 2024, seeking review of the Social Security Administration's denial of Plaintiff's claim for disability benefits. (Doc. 1). On February 24, 2025, the Commissioner of Social Security filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. 12), which the Court granted on August 12, 2025 (Doc. 13). Plaintiff filed the subject Consent Motion on November 5, 2025. (Doc. 15).

Pursuant to the EAJA, a court shall award attorney's "fees and other expenses" to a prevailing party in a non-tort civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because the Court reversed and remanded this action, Plaintiff is a prevailing party and the Court must award Plaintiff attorney's fees unless the government's position was substantially justified or special circumstances make the award unjust. *See Johnson v. Acting Comm'r of Sec. Sec.*,

No. 5:12-CV-460 (MTT), 2014 WL 657370, at *1 (M.D. Ga. Feb. 20, 2014) ("A claimant who obtains a court order remanding her Social Security claim to the Commissioner for further proceedings is a prevailing party for purposes of the EAJA." (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993))). The Commissioner does not argue that the government's position was substantially justified or that special circumstances make an award unjust. *See Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified." (citations omitted)). Accordingly, Plaintiff is entitled to reasonable attorney's fees.

Under the EAJA, the Court determines the amount of a reasonable fee using the lodestar method—i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (explaining that *Hensley*'s lodestar method applies to EAJA cases). In determining the number of hours reasonably expended, fee applicants must exercise "billing judgment." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citation omitted); *see also Sanfilippo v. Comm'r of Soc. Sec.*, No. 08-14203, 2009 WL 1532039, at *3 (11th Cir. June 3, 2009) (per curiam) (citation omitted). "This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis and citation omitted).

To determine the appropriate hourly rate, the Court utilizes a "two-step analysis." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the Court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (alteration in original) (citation omitted). Second, if the market rate is greater than $125.00 per hour, the Court must determine whether to "adjust the hourly fee upward" to account for any "increase in the cost of living[] or a special factor." *Id.* at 1033–34; 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.").

2

Plaintiff seeks attorney's fees for a total of 14.22 hours of work. (Doc. 15 at 1). Upon review of Plaintiff's Counsel's billing records and because the Commissioner does not oppose Plaintiff's Motion, the Court finds that 14.22 hours is reasonable for this case. *See I.W. v. Comm'r of Soc. Sec.*, No. 1:19-CV-194 (LAG) (TQL), 2022 WL 15996319, at *2 (M.D. Ga. Mar. 9, 2022) (finding that "[t]he sixty-five hours expended by Plaintiff's Counsel was reasonable based on the nature of the case"); *Thomas v. Comm'r of Soc. Sec.*, No. 7:09-CV-52 (HL), 2012 WL 2343755, at *2 (M.D. Ga. June 20, 2012) (stating that "40.25 hours is generally reasonable" for EAJA cases). Second, Plaintiff's hourly rates of $251.84 and $257.09 are reasonable, based on the maximum hourly rate under the EAJA and an adjustment for inflation based on the Consumer Price Index for September 2024, December 2024, and August 2025, when Plaintiff's Counsel performed this work. (Doc. 15-3 at 2; Doc. 15-4 at 4). Accordingly, Plaintiff's Consent Motion (Doc. 15) is **GRANTED**. Plaintiff shall receive $3,581.66 in attorney's fees. Payment shall be made payable to Plaintiff and delivered to Plaintiff's Counsel if Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept Plaintiff's assignment of EAJA fees and pay them directly to Plaintiff's Counsel.

**SO ORDERED**, this 31st day of December, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**